**FILED**
January 29, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **YOSVANI RAMIREZ-CORDERO,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | NO. SA-26-CV-221-OLG |
| § | |
| **ROSE THOMPSON** *et al.*, § | |
| § | |
| **Respondents.** § | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Pending before the Court is Petitioner Yosvani Ramirez-Cordero's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents have responded (Dkt. No. 5).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Cuba who entered the United States without inspection. *See* Dkt. Nos. 1 at 5–6; 5 at 3. This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. *See* Dkt. Nos. 1 at 7; 5 at 3.

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. *See* Dkt. No. 3 at 2. On January 28, 2026, Respondents filed an abbreviated response, which acknowledged that there are no material differences between this case and those prior cases and that those rulings "would control the result in this case should this Court follow its legal reasoning

in its prior decisions." *See* Dkt. No. 5 at 1–2. As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

Petitioner Yosvani Ramirez-Cordero's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January 29, 2026.

_____
ORLANDO L. GARCIA
United States District Judge